1  Matthew H. Ladner (State Bar No. 284594)
2  **TROUTMAN PEPPER HAMILTON SANDERS LLP**
   350 S. Grand Avenue, Suite 3400
3  Los Angeles, CA 90071
   Telephone: 213.928.9800
4  Facsimile: 213.928.9850
   Email: matthew.ladner@troutman.com
5
6  Attorneys for Defendant
   LL FLOORING, INC. f/k/a/
7  LUMBER LIQUIDATORS, INC.

8                  **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 | CAMI STEIN                      | Case No.
12 |                    Plaintiff,   | The Honorable
13 |        v.                       | **DEFENDANT LL FLOORING,**
                                       **INC.'S (F/K/A LUMBER**
14 | LUMBER LIQUIDATORS, INC., a     | **LIQUIDATORS, INC.) NOTICE OF**
15 | Delaware Corporation; and DAVID | **REMOVAL PURSUANT TO 28 U.S.C.**
   | T. STEIN, TAYLOR STEIN,         | **§§ 1332, 1441, AND 1446**
16 | GRANT STEIN, and DOES 1
   | THROUGH 100, inclusive,
17
18 |                   Defendants.

19

20

21

22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, AND ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant LL Flooring, Inc. ("LL Flooring")—which was formerly known as Lumber Liquidators, Inc.—removes this civil action from the Superior Court of the State of California for the County of Los Angeles (the "State Court") to the United States District Court for the Central District of California, based upon the existence of diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.  The grounds for removal are as follows:

## I.      BACKGROUND AND TIMELINESS OF REMOVAL

1.      On or about October 1, 2020, Plaintiff Cami Stein ("Plaintiff") filed her Complaint for Money Damages ("Complaint") in the State Court.  True and correct copies of all process, pleadings, and orders served upon LL Flooring in the State Court are collectively attached as Exhibit A, in accordance with 28 U.S.C. § 1446(a).

2.      In this civil action, Plaintiff brings wrongful death products liability claims against LL Flooring and seeks to recover wrongful death damages on the alleged ground that her daughter, Tiffany Stein (the "Decedent"), died because of unknowing exposure to formaldehyde gas that was emitted by laminate wood flooring manufactured by LL Flooring and installed in the Decedent's home.  *See* Exhibit A, Pl.'s Compl. at ¶¶ 7, 12–14, 18.

3.      Plaintiff served LL Flooring with a copy of the Summons and Complaint for the first time on June 13, 2022.  A true and correct copy of the Proof of Service filed by Plaintiff in the State Court is attached as Exhibit B.

4.      LL Flooring has not yet answered or otherwise responded to the Complaint.

**DEFENDANT LL FLOORING, INC.'S (F/KA LUMBER LIQUIDATORS, INC.) NOTICE OF REMOVAL**

5.      This Notice of Removal is filed within thirty days of the date on which the Complaint was served, and thus is timely under 28 U.S.C. § 1446(b)(3).

## II.      VENUE

6.      Venue is proper in this Court because Plaintiff filed her Complaint in the State Court in this judicial district and division.  *See* 28 U.S.C. § 1441(a) (state court civil actions may be removed "to the district court of the United States for the district and division embracing the place where such action is pending").  Venue also is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1446(a).

## III.      GROUNDS FOR REMOVAL

7.      Removal of this case is proper under 28 U.S.C. §1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.      28 U.S.C. § 1332(a) grants district courts original jurisdiction in civil actions where the amount in controversy exceeds $75,000, and the parties are diverse in citizenship.

9.      Original or subject matter jurisdiction exists in this action, as there is complete diversity of citizenship exists between the parties and the allegations in Plaintiff's Complaint demonstrate an amount in controversy that exceeds $75,000.

### A.      <u>Complete Diversity Exists.</u>

10.      Plaintiff is a citizen of the State of California, as alleged and admitted in her Complaint.  *See* Exhibit A, Pl.'s Compl. ¶ 6.

11.      Defendant LL Flooring is a Delaware corporation with its principal place of business in Virginia, as alleged and admitted in Plaintiff's Complaint.  *See* Exhibit A, Pl.'s Compl. ¶¶ 3–4, 15.

12.      Therefore, under 28 U.S.C. § 1332(c)(1), LL Flooring is a citizen of both the State of Delaware and the Commonwealth of Virginia.

13.     In addition to LL Flooring, Plaintiff has named as nominal defendants other surviving relatives of the Decedent—David T. Stein, Taylor Stein, and Grant Stein (collectively, the "Nominal Defendants").  *See* Exhibit A, Pl.'s Compl. ¶ 5. Plaintiff alleges that she has "joined [these Nominal Defendants] as unrepresented potential plaintiffs under [California] Code of Civil Procedure § 382 only." *Id*.

14.     LL Flooring is informed and believes that, as of the date of this Notice of Removal, Plaintiff has not yet served any of the Nominal Defendants with the Summons and Complaint in the State Court Action, nor have any of the Nominal Defendants appeared in the State Court Action.

15.     Even if one or more of the Nominal Defendants is a California resident, the presence of any such Nominal Defendant(s)—who, in substance, are aligned with Plaintiff—cannot defeat diversity jurisdiction or otherwise prevent the removal of this action to this Court.  *See, e.g., Romero v. Pac. Gas & Elec. Co.*, 156 Cal. App. 4th 211, 216 (2007) ("The [California] wrongful death statute has been interpreted to authorize only a single action, in which all the decedent's heirs must join.  Any heir who does not consent to be joined as a plaintiff in the wrongful death action must be named as a defendant pursuant to [California Code of Civil Procedure] section 382."); *Hall v. Super. Ct.*, 108 Cal. App. 4th 706, 715 (2003) ("An heir named as a defendant in a wrongful [death] action [pursuant to California Code of Civil Procedure section 382] is, in reality, a plaintiff.").

16.     The United States Supreme Court has explained that "[t]o sustain diversity jurisdiction there must exist an 'actual', 'substantial', controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941).  When determining the citizenship of the parties, federal courts must "look beyond the pleadings, and arrange the parties according to their sides in the dispute[,]" because "[w]hether the necessary 'collision of interest', exists, is [] not to be determined by mechanical rules[,]" but rather "must

be ascertained from the 'principal purpose of the suit', and the 'primary and controlling matter in dispute.'" *Id*. (citations omitted).

17.     Consistent with the Supreme Court's admonition against a mechanical approach to evaluating diversity jurisdiction, the Ninth Circuit employs a "primary purpose test" to determine a party's citizenship for removal purposes, pursuant to which a federal court must "align for jurisdictional purposes those parties whose interests coincide respecting the primary matter in dispute." *Prudential Real Est. Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (cleaned up).

18.     Accordingly, courts in the Ninth Circuit "may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court." *Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1133 (9th Cir. 2006).

19.     Here, the Nominal Defendants—as additional surviving heirs of the Decedent—are substantively aligned with Plaintiff in this action.  Therefore, if any Nominal Defendant is a California citizen, the Court should, in accordance with Ninth Circuit law, treat and consider that Nominal Defendant as it would another California plaintiff in this action, such that a California Nominal Defendant will not defeat the existence of complete diversity.  That is particularly true where Plaintiff herself has admitted on the record that despite joining these additional heirs as nominal defendants pursuant to California Code of Civil Procedure section 382, they are, in fact, "unrepresented potential plaintiffs[.]"  *See* Exhibit A, Pl.'s Compl. at ¶ 5; *Prudential Real Est. Affiliates*, 204 F.3d at 873.

20.     In sum, complete diversity exists because: (i) Defendant LL Flooring is a citizen of the State of Delaware and the Commonwealth of Virginia; (ii) Plaintiff Cami Stein is a citizen of the State of California; and (iii) LL Flooring is informed and believes that the Nominal Defendants—who are aligned with Plaintiff, and who must be treated as additional plaintiffs themselves for the purpose of diversity

jurisdiction—are not citizens of the State of Delaware or the Commonwealth of Virginia.

**B.**     **The Amount in Controversy Exceeds $75,000.**

21.     Although Plaintiff's Complaint fails to specify the precise amount of damages sought, it nonetheless appears to seek the full panoply of economic and non-economic wrongful death damages potentially available under California law, including "the loss of the love, companionship, comfort, affection, society, solace, and moral support" of the Decedent, as well as "medical expenses, [and] funeral and/or burial expenses" in amounts to be determined at trial.  *See* Exhibit A, Pl.'s Compl. At ¶¶ 29-30, 37-38, 48-49, 54-55, 59-60.  Without conceding any merit to Plaintiff's allegations of liability for her alleged damages, a fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000.

22.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014).  No submission of evidence accompanying the removal notice is required.  *Id.*

23.     In assessing whether the amount in controversy has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v. Vitran Exp. Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). The Court must focus its inquiry on "'what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.'" *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)).

24.     In the Ninth Circuit, a removing defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.  *Urbino v. Orkin Servs. Of Cal., Inc.*, 726 F.3d

1118, 1121–22 (9th Cir. 2013) (citation and punctuation omitted).   However, it is well-established that "[a] court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."   *In re: Incretin Mimetics Prod. Liab. Litig.*, 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (cleaned up)).

25.   Where, as here, the plaintiff alleges a wrongful death, this Court has found it "facially apparent" that the amount in controversy "exceeds $75,000." *Kammerdiener v. Ford Motor Co.*, 2010 WL 682297, at *2 (C.D. Cal. Feb. 24, 2010); *cf. Calkins v. Sw. Airlines Co.*, 2019 WL 1553665, at *3 (C.D. Cal. Apr. 10, 2019) (explaining that federal courts have found "the amount in controversy to be facially apparent from the complaint" when it contained "somewhat more specific allegations of injuries, such as wrongful death").

26.   While Plaintiff has not specified a dollar figure in her Complaint, she has alleged and seeks wrongful death claims and damages, including alleged economic losses such as medical, funeral, and/or burial expenses, as well as non-economic losses, which, considered together, are facially sufficient to satisfy the amount-in-controversy requirement. *Kammerdeiner*, 2010 WL 682297, at *2; *see also Calkins*, 2019 WL 1553665 at * 1, 3 (suggesting defendant should not have delayed removal despite Complaint's lack of specific damage amounts because plaintiff alleged "severe and extensive injuries" that caused "great mental, physical, and nervous pain and suffering" and that she had incurred expenses seeking treatment and care for her injuries).

27.   Based on the above, LL Flooring has a good faith basis for believing the amount in controversy exceeds $75,000, that the requirement of 28 U.S.C. § 1332(a) is met, and that removal is proper.

28.     Because both requirements of diversity of citizenship and an amount in controversy exceeding $75,000 are present, this Court has jurisdiction under 28 U.S.C. § 1332.

## IV.     NOTICE TO STATE COURT

29.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court, and shall be served on counsel for Plaintiff Cami Stein, immediately following the filing of this Notice of Removal.

## V.     CONCLUSION

For the above reasons, federal jurisdiction exists under 18 U.S.C. § 1332(a) and removal is appropriate under 28 U.S.C. § 1442(a).


Dated:  July 11, 2022                              **TROUTMAN PEPPER HAMILTON SANDERS LLP**


By:   /s/Matthew H. Ladner
      Matthew H. Ladner
      *Attorneys for Defendant LL Flooring, Inc. f/k/a Lumber Liquidators, Inc.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT LL FLOORING, INC.'S (F/K/A LUMBER LIQUIDATORS, INC.) NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** with the Clerk of the Court for the United States District Court, Central District of California by using the Court's CM/ECF system on July 11, 2022.

I hereby certify that on July 11, 2022, I served the above Notice of Removal on the opposing parties via Overnight Mail, properly addressed to:

John C. Adams, III
Hunt & Adams, Inc.
2070 North Tustin Ave.
Santa Ana, California, 92705-7827

Gary L. Chambers
Chambers & Noronha
2070 North Tustin Ave
Santa Ana, California, 92705-7827

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on July 11, 2022, at Irvine, California

_____
Name: Janine Philips

**DEFENDANT LL FLOORING, INC.'S (F/KA LUMBER LIQUIDATORS, INC.) NOTICE OF REMOVAL**